UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00132-TBR

COMMONWEALTH OF KENTUCKY,
by and through the
EDUCATION AND WORKFORCE
DEVELOPMENT CABINET
KENTUCKY OFFICE FOR THE BLIND                                                     Plaintiffs,

v.

UNITED STATES OF AMERICA,
by and through the HON. LEON E. PANETTA,
SECRETARY OF DEFENSE, and HON. JOHN
MCHUGH, SECRETARY OF THE ARMY                                                    Defendants.

and

CIVIL ACTION NO. 5:14-CV-00056-TBR
(Consolidated with Civil Action 5:12-CV-00132-TBR)

COMMONWEALTH OF KENTUCKY,
by and through the
EDUCATION AND WORKFORCE
DEVELOPMENT CABINET
KENTUCKY OFFICE FOR THE BLIND                                                     Plaintiffs,

v.

UNITED STATES OF AMERICA,
by and through the HON. CHUCK HAGEL,
SECRETARY OF DEFENSE, and HON. JOHN
MCHUGH, SECRETARY OF THE ARMY                                                    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon the United States' Motion to Consolidate Cases, filed August 18, 2014. (Docket No. 29.) The United States seeks to consolidate the instant action with *Commonwealth of Kentucky Education and Workforce Development Cabinet Office for the Blind v. United States*, Civil Action No. 5:14-cv-00056-TBR. (Docket No. 29.) The United States filed a similar

motion in that case.  (*See* Civil Action No. 5:14-cv-00056-TBR, Docket No. 13.)  The Motion to Consolidate was filed in response to the August 14, 2014, Motion for Permanent Injunction filed by the Commonwealth of Kentucky, by and through the Education and Workforce Development Cabinet Office for the Blind ("the OFB").  (Docket No. 27.)  In its Motion for Permanent Injunction, the Office for the Blind seeks to enjoin the United States from performing its most recent DFA contract at Fort Campbell and to order the Army to terminate its contract with KCA Corporation and immediately negotiate a new contract with the OFB.  (Docket No. 27.)

The Office for the Blind filed no response to either motion, but moved to hold the 2014 Action in abeyance pending the resolution of the Motion for Permanent Injunction in the instant action.  (Civil Action No. 5:14-cv-00056-TBR, Docket No. 10.)  The United States responded to the motion to stay, (Civil Action No. 5:14-cv-00056-TBR, Docket No. 18), and the OFB replied, (Civil Action No. 5:14-cv-00056-TBR, Docket No. 19).

As explained in the Court's concurrently issued Memorandum Opinion, each of the two actions involves identical parties and largely the same issues.  A brief summary may be helpful here:  the instant action involves the Office for the Blind's 2012 Motion for Temporary Restraining Order and Preliminary Injunction to prevent the Army from awarding a contract prior to the conclusion of the arbitration action.  Although initially denied by this Court, the Sixth Circuit reversed that decision and remanded the matter for further proceedings.  Before the Sixth Circuit issued its decision, the arbitration panel sided with the Office for the Blind and ordered the Army to immediately notify KCA Corporation that its contract would be terminated on March 31, 2014.  The Army instead renewed the contract.  In the 2014 lawsuit, Civil Action No. 5:14-cv-00056-TBR, the Office for the Blind asks the Court to order the Army to comply with the arbitration panel's decision.[1]

---

[1] In the Office for the Blind's reply brief supporting its motion to hold the 2014 Action in abeyance, the OFB first raises a jurisdictional argument concerning the Army's right to judicial review of the arbitration.  Because this matter is distinct from the abeyance and consolidation issues, the Court will instead address in a separate Memorandum Opinion.

2

The Office for the Blind insists that the two cases must be addressed separately. The OFB notes that it has carried the day in two separate arbitrations: not only did the 2014 panel decide in its favor, so too did a 2002 panel conclude that the Army's issuing a solicitation for DFA Services required compliance with the Act. *See* Case No. R-S/2001-11. The OFB emphasizes that the Army appealed neither decision, rendering them final. The OFB also submits that should the Court grant permanent injunctive relief in the instant action, the 2014 Action would become moot, as there would no longer be a need to enforce the arbitration decision.

The Army responds that holding the 2014 Action in abeyance would preclude the Court from determining whether the Act applies to the contract at issue. It rejects the OFB's contention that permanent injunctive relief in the older case would moot the newer one, arguing instead that the complaint in the 2012 Action seeks relief "*only* as it relates to a now defunct solicitation." (Docket No. 18 at 5.) Granting a stay, the Army says, would only delay resolution.

The Court is guided by the first Federal Rule of Civil Procedure, which requires that the Rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Federal Rule of Civil Procedure 42 provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Court's discretion governs consolidation of a matter with common questions of law or fact. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). The Court must consider whether the risk of prejudice and confusion outweighs the risk of inconsistent adjudication of the common issues, the burden on the parties, the location of the witnesses, available judicial resources, the length of time necessary to litigate multiple suits, and the relative expense to all concerned. *Cantrell*, 999 F.2d at 1011.

The 2014 Action and the instant action undoubtedly share common—indeed, practically identical—questions of law and fact. Both actions involve the same Army contract for DFA services at Fort Campbell; both stem from the parties' disagreement regarding the Act's applicability to the solicitation and resultant award of that contract. In both matters, the Court must determine whether the Act governs Solicitation W91248-13-D-00001. Therefore, little risk of prejudice or confusion arises if the actions are consolidated; indeed, both judicial economy and analytical clarity are served by a unified lawsuit. The Court predicts that consolidation will substantially decrease the burdens on all involved by forestalling multiple depositions, sets of written discovery, and trials. Accordingly, the Court will grant the Army's Motion to consolidate the two actions.

Therefore, IT IS ORDERED that the United States' Motion to Consolidate Cases, (Civil Action No. 5:12-cv-00132-TBR, Docket No. 29), shall be granted and the cases are hereby consolidated. IT IS FURTHER ORDERED that Civil Action No. 5:14-cv-00056-TBR is administratively DISMISSED. All complaints, causes of action, answers, defenses, and other pleadings in the dismissed case shall be incorporated by reference as part of Case No. 5:12-cv-00132-TBR.