UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00132-TBR

COMMONWEALTH OF KENTUCKY
*by and through* the EDUCATION AND
WORKFORCE DEVELOPMENT
CABINET OFFICE FOR THE BLIND,                                                    Plaintiff,

v.

UNITED STATES OF AMERICA,
*by and through* the Honorable John Mattis,
Secretary of Defense, and the Honorable
Robert M. Speer, Acting Secretary of the Army,                                   Defendant.

**MEMORANDUM OPINION AND ORDER**

Previously, the Court held that the Randolph-Sheppard Act, ch. 638, 49 Stat. 1559 (1936) (codified as amended at 20 U.S.C. §§ 107–107e), required the Government to afford blind vendors priority when bidding on solicitations to provide dining-facility-attendant services for Fort Campbell, Kentucky. Only days before the Court issued its opinion, however, Congress instructed the Secretary of Defense to promulgate regulations clarifying that the Act called for no such preference. In light of that statement, the Court stayed its earlier order pending publication of the forthcoming regulation, which the Department released for public comment last year. The Office for the Blind has, once again, renewed its motion to lift the stay, arguing that there is no reason to await the Department's final regulation. Having considered the competing interests at issue, the Court agrees. Accordingly, the Office for the Blind's Motion to Lift Stay, [R. 71], is **GRANTED**.

1

I.

The general facts of this case are described in this Court's many prior opinions, but are repeated as necessary to resolve the Office for the Blind's present motion. On December 29, 2014, this Court held that the U.S. Department of the Army wrongly denied blind persons priority in bidding on a contract to provide dining-facility-attendant services for Fort Campbell, Kentucky. *See Kentucky ex rel. Educ. & Workforce Dev. Cabinet Office for the Blind v. United States*, No. 5:12-CV-00132-TBR, 2014 WL 7375566, at *4–8 (W.D. Ky. Dec. 29, 2014). Accordingly, the Court enjoined the Department to renegotiate that contract after affording the Office for the Blind's licensed vendor the preference due under the Randolph-Sheppard Act. *Id.* at *14.

Only days before the Court entered that injunction, however, Congress passed the Carl Levin and Howard P. "Buck" McKeon National Defense Authorization Act for Fiscal Year 2015, Pub. L. No. 113-291, 128 Stat. 3292 (2014). Among other things, the Act adopted the explanatory statement of Chairman McKeon as the functional equivalent of "a joint explanatory statement of a committee of conference." § 5, 128 Stat. at 3312–13 (codified at 10 U.S.C. § 101 note). The explanatory statement, in turn, directed the Secretary of Defense to promulgate, within 180 days, regulations clarifying that blind vendors were not entitled to preferential status when bidding on contracts to provide dining-facility-attendant services (as opposed to contracts to provide full-food services). *See* Staff of H. Comm. on Armed Servs., 113th Cong., Carl Levin and Howard P. "Buck" McKeon National Defense Authorization Act for Fiscal Year 2015: Legislative Text and Joint Explanatory Statement 786–87 (Comm. Print 2015), *as reprinted in* 160 Cong. Rec. H8671, H8691 (daily ed. Dec. 4, 2014).

In light of the conflict between the Court's opinion and the explanatory statement, the Government moved to stay the Court's order. [*See* R. 43 at 1 (Motion to Stay).] Originally, Court agreed to stay its order during the 180-day period during which the Department was to publish the proposed regulation. *See Kentucky ex rel. Educ. & Workforce Dev. Cabinet Office for the Blind v. United States*, No. 5:12-CV-00132-TBR, 2015 WL 1541987, at *4 (W.D. Ky. Apr. 7, 2015). The 180-day period elapsed, however, and no regulation followed. Because the Department had made some progress toward promulgating the regulation, though, the Court left the stay intact. *See Kentucky ex rel. Educ. & Workforce Dev. Cabinet Office for the Blind v. United States*, No. 5:12-CV-00132-TBR, 2015 WL 4718525, at *3 (W.D. Ky. Aug. 7, 2015); *Kentucky ex rel. Educ. & Workforce Dev. Cabinet Office for the Blind v. United States*, No. 5:12-CV-000132-TBR, 2015 WL 7313422, at *3 (W.D. Ky. Nov. 19, 2015).

Since that time, the Department has continued to make headway and, on June 7, 2016, released the proposed regulation for public comment. *See* Food Services for Dining Facilities on Military Installations, 81 Fed. Reg. 36,506 (proposed June 7, 2016) (to be codified at 48 C.F.R. pts. 202, 205, 212, 237 & 252). The regulation allegedly clarifies that blind vendors are not entitled to preferential status when bidding on contracts to provide dining-facility-attendant services. *Id.* at 36,509–10. Instead, the preference attaches only to contracts to provide full-food services. *Id.*

Once again, the Office for the Blind has renewed its motion to lift the stay. [*See* R. 71 at 1 (Third Motion to Lift Stay).] The Government, as before, opposes that motion. [*See* R. 72 at 1 (Response).]

## II.

Subject to congressional limitation, this Court is vested with inherent powers "to process litigation to a just and equitable conclusion." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) (citing *Ex parte Peterson*, 253 U.S. 300, 312–14 (1920)). Among those is the Court's authority to stay its own orders. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))); *see also In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993); *Jewell v. Davies*, 192 F.2d 670, 672–73 (6th Cir. 1951). In exercising its judgment, this Court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255 (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

## III.

The Office for the Blind has, once again, renewed its motion to lift the stay. In its latest motion, the Office for the Blind has presented a new (and persuasive) argument. It urges that continuing to wait for the Department to issue its final regulation is futile since that regulation, as proposed, will not change the outcome of this dispute.[1] [R. 71 at 6–7; *see also* R. 73 at 3 (Supplemental Brief).] Having diligently considered the record before it, the Court agrees.

Even assuming that the proposed regulation becomes law at some point, it will not control the outcome of this case. Retroactivity is "not favored in the law," and so courts

---

[1] In the alternative, the Office for the Blind maintains that, even if the regulations were applied retroactively, the Department's interpretation is not entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). [R. 71 at 5, 7 (Third Motion to Lift Stay).] The Court need not—and does not—express an opinion on the merits of that issue.

will not construe "administrative rules . . . to have retroactive effect unless their language requires this result." *BellSouth Telecomms., Inc. v. Se. Tel., Inc.*, 462 F.3d 650, 657 (6th Cir. 2006) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 264 (1994)). The proposed regulation contains nothing to indicate that it must be applied retroactively, and its language does not require such a result either. There seems to be no justification, then, to continue to stay the injunction.

The Government objects. It points out, correctly, that a court "must apply the law in effect at the time it renders its decision," *Siding & Insulation Co. v. Alco Vending, Inc.*, 822 F.3d 886, 892 (6th Cir. 2016) (quoting *BellSouth Telecomms., Inc.*, 462 F.3d at 657), and then relies on the joint explanatory statement, which took effect prior to this Court's decision, as controlling authority, [*see* R. 72 at 9–11]. While the Government's position is not without some appeal, the Court is no longer persuaded.

The joint explanatory statement does not carry the force of law. *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 236–37 (D.C. Cir. 2003); *accord Kansas v. United States*, 171 F. Supp. 3d 1145, 1161–62 (D. Kan. 2016). *See generally* 2A Norman Singer & Shambie Singer, *Sutherland Statutory Construction* § 48:8 (7th ed.), Westlaw (database updated November 2016). As a post-enactment statement, it is likewise of little value in clearing up the confusion between the Randolph-Sheppard Act and the Javits-Wagner-O'Day Act. *See* Singer & Singer, *supra*, § 48:20. Upon considerable reflection, the Court finds its earlier decision to be correct—the joint explanatory statement notwithstanding. Therefore, the Court will vacate its stay and reinstate the injunction granted some three years ago.

## IV.

**IT IS HEREBY ORDERED** that the Clerk of the Court is **DIRECTED** to substitute John Mattis, Secretary of Defense, for Defendant Leon E. Panetta, and Robert M. Speer, Acting Secretary of the Army, for Defendant John McHugh. *See* Fed. R. Civ. P. 25(d); *see also Mumford v. Basinski*, 105 F.3d 264, 273 (6th Cir. 1997) ("Federal Rule of Civil Procedure 25(d) provides for the automatic substitution of a successor public official upon the departure from office of a person named in official capacity litigation . . . .").

**IT IS FURTHER ORDERED** that the Office for the Blind's Motion to Lift Stay, [R. 71], is **GRANTED**. The stay imposed on April 7, 2015, [R. 53], is **HEREBY LIFTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is **DIRECTED** to close the above-captioned action.

**IT IS SO ORDERED.**

Date:

cc:    Counsel of Record